IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DORIS RICHARDSON** | * | |
| | * | |
| v. | * | Civil Action No. JKS 07-1123 |
| | * | |
| **WAL-MART STORES, INC., et al.** | * | |
| | * | |
| | * | |

**MEMORANDUM**

Pending before the Court is Defendant Richards Enterprises' Motion to Dismiss Amended Complaint (Dkt. No. 28), and Plaintiff's Motion for Remand to Circuit Court (Dkt. No. 29). Richards Enterprises argues that its joinder as a defendant has destroyed diversity and negated this court's subject matter jurisdiction, and that the action should be dismissed as a result. Def. Motion, Pg. 2, Dkt. No. 28. Plaintiff acknowledges that diversity jurisdiction no longer exists, but responds that the court should remand the case to State court in the interest of fairness and economy, and the absence of any malfeasance by Plaintiff or prejudice to Defendants. Pl. Motion, Dkt. No. 29. For the following reasons, Plaintiff's Motion is granted and Defendant's Motion is denied.

The present case was removed from State to federal court by the original sole defendant, Wal-Mart Stores, Inc., on the basis of diversity. Dkt. No. 1. Subsequently, Plaintiff moved, and Wal-Mart consented, to join Richards Enterprises, a Maryland corporation, as co-defendant. Dkt. No. 18. 28 U.S.C. § 1447(e) governs exactly such situations, and states that courts may in response "deny joinder, or permit joinder and remand the action to the State court." These are the only two options available; this court may not retain jurisdiction if it permits a non-diverse

defendant to be joined post-removal. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). The court has discretion to determine whether to allow joinder of a non-diverse defendant, guided by relevant factors such as whether joinder appears aimed at defeating federal jurisdiction, whether plaintiff was unreasonably slow to seek joinder, or whether a party will be prejudiced by joinder or refusal to allow it. *Id.* at 462-63.

In the present case, the court permitted the joinder of non-diverse defendant Richards Enterprises without objection from the removing party, thus implicitly finding that joinder was timely and justified. Dkt. No. 20. The court further notes that Defendants do not allege any impropriety or prejudice arising from the joinder of Richards Enterprises. Having allowed joinder, the court is constrained to remand the case to State court in accordance with 28 U.S.C. § 1447(e). The action will therefore be remanded in entirety to the Circuit Court for Prince George's County.

  November 5, 2007                                                                   /S/
                                                                 JILLYN K. SCHULZE
                                                          United States Magistrate Judge